**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCEDES-BENZ U.S.A. LLC, | : |
| Plaintiff/Counterclaim Defendant, | : **OPINION** |
| v. | : Civil Action No.: 99-3121 (WHW) |
| COAST AUTOMOTIVE GROUP, LTD., and TAMIM SHANSAB, | : |
| Defendants/Counterclaimants/Third Party Plaintiffs, | : |
| v. | : |
| DAVID MICHAEL MOTOR CARS CORP., RAY CATENA MOTOR CARS CORP., and CONTEMPORARY MOTORCARS, INC., | : |
| Third Party Defendants. | : |

**Walls, Senior District Judge**

Defendant/counter-claimant/third-party plaintiff Coast Automotive Group Ltd. ("Coast") moves for reconsideration of this Court's September 29, 2006 opinion which, inter alia, granted plaintiff, Mercedes-Benz USA LLC's ("MBUSA"), motion to strike the expert testimony of Coast's damages experts and granted summary judgment in favor of plaintiff and third-party defendants (other regional Mercedes-Benz dealers) on counts five through ten of Coast's counterclaims. In addition, third-party defendant Ray Catena Motor Cars Corp. ("Ray Catena") now moves for summary judgment on counts five through ten of Coast's counterclaim asserted

NOT FOR PUBLICATION

against Ray Catena.

## I.        FACTS AND PROCEDURAL BACKGROUND

This litigation primarily concerns the validity of MBUSA's termination of the Mercedes-Benz franchise owned by Coast.  Coast alleges that the franchise agreement was wrongfully terminated and also alleges that before the agreement was terminated, Coast was harmed by receiving an unfair allocation of Mercedes-Benz vehicles to sell.  Specifically, Coast alleges that it received an unreasonable allocation of vehicles as punishment for Coast's refusal to engage in a price fixing conspiracy with MBUSA and other regional Mercedes-Benz dealers.  Coast's counterclaims include counts against MBUSA and third-party defendants (other regional Mercedez-Benz dealers) for damages resulting from this unfair allocation.

### A.        In re Mercedes-Benz Antitrust Class Action

Also before this Court is a class action, In re Mercedes-Benz Antitrust Litig., which involves many of the same individuals and entities as the Coast matter.  On July 26, 2006, this Court issued an opinion in the class action.  That opinion denied the motions for summary judgment on an alleged price fixing conspiracy brought by defendants in that case, and in so doing, discussed the testimony of Tamim Shansab, the dealer principal of Coast.  Shansab provided testimony concerning his personal experiences at dealer meetings and statements made to him by at least one MBUSA employee, which tended to support the allegation of concerted action on behalf of the defendants.  This Court found that Shansab's testimony, along with other evidence offered by plaintiffs, was sufficient to create a genuine issue of fact for trial.  Accordingly, the Court denied defendants' motions for summary judgment in the class action.

-2-

NOT FOR PUBLICATION

      **B.**      **September 29, 2006 Opinion**

On September 29, 2006, this Court issued an opinion in the matter at hand.  First, this Court granted plaintiff's motion to exclude the expert testimony of Howard M. Markovitz and John A. Del Roccili.  Both experts' reports concerned damages resulting from the alleged misallocation of vehicles to Coast.  The Court held that Markovitz's testimony did not satisfy the standard set forth in <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579 (1993), for the admissibility of expert evidence because Markovitz based his calculations on Shansab's assertions that Coast received an unfair allocation of vehicles from 1995 to 1999 and failed to conduct any independent factual or analytical inquiry as to the circumstances surrounding Coast's operation to determine what would constitute a reasonable allocation.  The Court also identified specific problems with Markovitz's report, including Markovitz's failure to note that in 1995 – the first year Shansab alleges MBUSA punished Coast by providing an unfair allocation of cars – MBUSA actually offered Coast more cars than Coast purchased.  The Court granted MBUSA's motion to strike Markovitz's expert testimony.  The Court also granted MBUSA's motion to strike Del Roccili's expert testimony because Del Roccili based his conclusions on the profits projected by Markovitz.

Finding the experts' reports inadmissible, this Court held that Coast could not establish damages associated with the alleged discriminatory allocation of automobiles.  The opinion noted that counts five through ten of the counterclaim were premised on the alleged harm resulting from the misallocation of vehicles.  Accordingly, the Court granted summary judgment in MBUSA and third-party defendants' favor on all of these counts, thereby dismissing all claims against the third

-3-

**NOT FOR PUBLICATION**

party defendant dealers (with the exception of Ray Catena, which did not move for summary judgment at that time).

Coast seeks reconsideration of the Court's September 29, 2006 opinion.  Coast maintains that because this Court denied defendants' motion for summary judgment in the class action primarily because of factual assertions made by Shansab, it was inconsistent for the Court to strike the expert reports in this matter on the basis that the experts relied on Shansab's factual assertions. Coast also argues more generally that this Court's application of the <u>Daubert</u> standard was unduly restrictive.[1]

In a separate motion, Ray Catena, a third-party defendant in the case at hand who did not move for summary judgment earlier, now moves for summary judgment on counts five through ten of Coast's counterclaims.  Ray Catena argues that because the Court dismissed those counts as to the other third-party defendants in light of Coast's inability to prove damages, the Court should dismiss the claims against Ray Catena, which is similarly situated.

---

[1] In support of its motion for reconsideration, Coast submitted a reply brief.  Third-party defendant David Michael then filed a letter pointing out that the local rule on motions for reconsideration makes no provision for reply briefs.  Coast responded by filing a letter challenging the assertion that reply briefs are not permitted under the local rule for such motions and citing cases where courts in this District, including this Court, have allegedly accepted such reply briefs without any indication that permission was sought and received.  As stated in this Court's opinion in the related class action, this Court reads L. Civ. R. 7.1(i) as making no provision for reply briefs (without the Court's permission).  (November 13, 2006 Opinion, filed in 99-cv-4311.)  This Court is not alone in this interpretation of L. Civ. R. 7.1.  <u>See</u> Allyn Z. Lite, <u>N.J. Federal Practice Rules</u>, Comment 6(c) to L. Civ. R. 7.1 (2007).  To the extent Coast has any legitimate argument that it believed the Court would accept its reply brief, the Court has reviewed the reply brief and concludes that nothing contained therein would alter the outcome of this decision.  However, going forward, all parties are on notice that this Court will *not* consider any reply briefs filed in connection with a motion for reconsideration unless permission to do so is explicitly sought and granted.

NOT FOR PUBLICATION

II.     **MOTION FOR RECONSIDERATION**

      A.     **Legal Standard**

Under Fed. R. Civ. P. 59(e), a litigant may move to alter or amend a judgment within ten days of its entry.  Similarly, L. Civ. R. 7.1(i) allows a party to seek reconsideration of "matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked."  The Third Circuit has held that the "purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotations omitted).

Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment.  P. Schoenfeld Asset Mgmt. L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001);  11 Charles A. Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 2006).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  Gutierrez v. Ashcroft, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).

Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises.  North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  Because reconsideration of a judgment after its entry is an

 NOT FOR PUBLICATION

extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," <u>Yurecko v.</u>

<u>Port Auth. Trans-Hudson Corp.</u>  279 F. Supp. 2d 606, 608 (D.N.J. 2003);  <u>NL Indus. Inc. v.</u>

<u>Commercial Union Ins. Co.</u>, 935 F. Supp. 513, 516 (D.N.J. 1996), and only when "dispositive

factual matters or controlling decisions of law" were brought to the court's attention but not

considered.  <u>Yurecko</u>, 279 F. Supp. 2d at 609;  <u>Pelham v. United States</u>, 661 F. Supp. 1063, 1065

(D.N.J. 1987).

        **B.**        **Discussion**

      Coast argues that this Court committed a manifest error by striking Markovitz's and Del

Roccili's reports and granting summary judgment on counts five through ten of Coast's

counterclaims.  In its opinion, the Court noted that Markovitz relied on Shansab's assertions and

assumptions concerning whether and when Coast started receiving an unfair allocation of

vehicles.  And the Court noted that Markovitz did so without conducting any independent analysis

and without reviewing relevant allocation records.  Moreover, Markovitz made unexplained

assumptions, such as that the Coast allocations should have increased at a rate equal to the

average of all Mercedes-Benz dealers in the tristate area.  Accordingly, the Court found that

Markovitz's report, and Del Roccili's report – which relied on Markovitz's – were unreliable and

inadmissible under <u>Daubert</u>.

      In its motion for reconsideration, Coast points to no law that was brought to the Court's

attention but not considered.  Rather, Coast argues with the Court's application of the law,

specifically the standards under <u>Daubert</u> and Fed. R. Civ. P. 56 (summary judgment).  Coast's

arguments amount to nothing more than a disagreement with this Court's conclusion, which is not

**NOT FOR PUBLICATION**

a proper basis for a motion for reconsideration.  Gutierrez v. Ashcroft, 289 F. Supp. 2d 555, 561

(D.N.J. 2003) (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) ("A party seeking

reconsideration must show more than a disagreement with the Court's decision, and recapitulation

of the cases and arguments considered by the court before rendering its original decision fails to

carry the moving party's burden.").

Additionally, reconsideration is not warranted in response to Coast's argument that the

opinion in this case is inconsistent with that in the class action.  The thrust of Coast's argument is

that it is inconsistent for the Court to conclude that Shansab's factual allegations with respect to a

price fixing conspiracy were sufficient to overcome summary judgment in the class action and

then strike the expert testimony in this case on the basis that Markovitz relied on Shansab's

factual assertions concerning an unfair allocation of vehicles.  Essentially, Coast argues that if

Shansab's assertions with respect to the existence of a conspiracy to fix prices were sufficiently

reliable to overcome summary judgment, his assertions with respect to how his dealership was

punished for failing to take part in the conspiracy must be sufficiently reliable to form the factual

basis of Coast's experts' reports.

This argument neglects two crucial differences between these two opinions.  First, the

Court considered Shansab's allegations in different contexts and under different standards.  In the

class action, the Court reviewed Shansab's observations in relation to a motion for summary

judgment, whereas in this case, the Court assessed whether Shasab's factual allegations were

sufficient to support an expert opinion under Daubert.  Second, the nature of those allegations

were different.  In the class action, the Court reviewed factual assertions based on Shansab's first-

 NOT FOR PUBLICATION

hand knowledge of what was said and done at certain meetings he attended.  Here, Coast asks the

Court to credit assertions by Shansab that incorporate analysis and subjective judgements without

providing any expert analysis of the facts supporting Shansab's assertions.  As example, the

experts did not merely rely upon factual statements such as 'Coast received X cars in X year,' but

rather relied upon Shansab's assertions and assumptions that he received an unfair, unreasonable,

or punishment allocation starting in 1995.  Markovitz relied on these conclusions without

conducting an independent analysis or providing a factual basis for his conclusions that Coast was

damaged by unfair allocation.

Accordingly, Coast's effort at equating the content and impact of Shansab's factual

assertions in these different contexts fails, as does its argument that the Court's opinions are

inconsistent.

## III.    MOTION FOR SUMMARY JUDGMENT

### A.    Legal Standard

Summary judgment is appropriate where the moving party establishes that "there is no

genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(c).  Only the existence of a genuine and material factual dispute between the

parties will defeat a motion for summary judgment.  See Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 247-48 (1986).  A factual dispute is genuine if a reasonable jury could find for the non-

movant on that issue; it is material if, under the substantive law, that issue would affect the

outcome of the suit.  See id. at 248.

The party moving for summary judgment "bears the initial responsibility of informing the

 NOT FOR PUBLICATION

district court of the basis for its motion, and identifying those portions of [the record]" that show

that there is no genuine material issue of fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has carried its burden under Rule 56, "its opponent must do more than

simply show that there is some metaphysical doubt as to the material facts" in question.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  To survive a

motion for summary judgment, a nonmovant must present more than a mere scintilla of evidence

in his favor.  Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005).  The opposing

party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere

allegations or denials of its pleadings.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

At the summary judgment stage, the court's function is not to weigh the evidence and

determine the truth of the matter, but rather to determine whether there is a genuine issue for trial.

See Anderson, 477 U.S. at 249.  In doing so, the court must construe the facts and inferences in

the light most favorable to the non-moving party.  Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir.

2002).

        B.        Discussion

        Ray Catena argues that it is entitled to summary judgment on Counts five through ten of

Coast's counterclaim because the Court has already held that Coast is unable to prove damages

with respect to these counts and the Court has dismissed such counts against all other third-party

defendants.  According to Ray Catena, the inadmissibility of Coast's experts and Coast's inability

to prove damages on these counts is the law of the case, and the Court should apply those

holdings with respect to Ray Catena's request for summary judgment.

NOT FOR PUBLICATION

Coast does not appear to oppose Ray Catena's motion on substantive grounds.[2]  Rather, Coast argues that Ray Catena's motion is not timely because it was filed over fifteen months after the filing deadline for such motions and two months after the Court had already ruled as to the other parties' motions.

The Court does not condone delinquent filings.  It also does not condone the waste of judicial resources.  Coast has provided no argument for how it can maintain counts five through ten against Ray Catena when the court has already found that Coast is unable to demonstrate any damages with respect to those claims.   Because those are the only counts brought against Ray Catena, it makes no sense for Ray Catena to remain a party to this case.  Moreover, the Court notes that although the deadline for filing dispositive motions passed long before Ray Catena brought this motion, as a general matter of procedure, a court may grant summary judgment at any time before trial.  See Fed. R. Civ. P. 56(b); Johnson v. United States, 460 F.3d 616, 619 n.1 (5th Cir. 2006).  Lest there be any doubt, this opinion does not suggest that the Court will accept late filings in the future in this or any other case.  However, under the present circumstances, it would be a waste of resources to allow this case to proceed against third-party defendant Ray Catena.

IV.    CONCLUSION

Accordingly, the Court denies Coast's motion for reconsideration.  The Court grants Ray Catena's motion for summary judgment on counts five though ten of Coast's counterclaim.  All

---

[2] Coast does not argue that its claims against Ray Catena differ in any relevant way from its claims against the other third-party defendants.  Coast states in a footnote that it "disputes Catena's claim to the effect that the evidence against Catena is identical to that against the other counterclaim defendants," but also that this "claim is irrelevant for the purposes of the pending motion." (Coast's Opp'n Br. at 2 n.1.)

**NOT FOR PUBLICATION**

claims against third-party defendant Ray Catena are hereby dismissed with prejudice.


                                                          ___s/William H. Walls___
                                                          United States Senior District Judge