NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCEDES BENZ USA LLC, : | |
| Plaintiff/Counter-claim Defendant, : | |
| v.      : | OPINION |
| COAST AUTOMOTIVE GROUP LTD. : | |
| AND TAMIM SHANSAB, : | Civil Action No. 99-3121 (WHW) |
| Defendants/Counter-claimants/Third- : Party Plaintiffs, : | |
| v.      : | |
| DAVID MICHAEL MOTOR CAR CORP., : RAY CATENA MOTOR CARS CORP., and : CONTEMPORARY MOTOR CARS, INC., : | |
| Third-Party Defendants. : | |

**Walls, Senior District Judge**

Defendants/Counter-claimants/Third-Party Plaintiffs Coast Automotive Group, Ltd. and Tamim Shansab (collectively "Coast") move for entry of final judgment pursuant to Fed. R. Civ. P. 54(b) as to the Court's Orders of September 29, 2006 and July 25, 2007 to allow for an immediate appeal. Coast also requests a stay of trial on the remaining counts of its Counterclaim until its appeal is resolved. Pursuant to Fed. R. Civ. P. 78, the Court decides this matter on the basis of the written submissions of the parties. For the reasons stated below, Coast's motion is denied.

**FACTS AND PROCEDURAL BACKGROUND**

As the Court is writing only for the parties in this matter, a lengthy discussion of the complicated facts and allegations in this matter is not required and can be found in this Court's earlier opinions. For purposes of this motion, the following background is relevant.

**NOT FOR PUBLICATION**

Over eight years ago, in June 1999, Mercedes Benz USA LLC ("MBUSA") filed suit against Coast. In response to MBUSA's Complaint, Coast filed a counterclaim against MBUSA and soon afterward amended its counterclaim adding additional counts and third-party defendants David Michael Motor Car Corp. ("David Michael"), Ray Catena Motor Cars Corp. ("Ray Catena") and Contemporary Motor Cars, Inc. ("Contemporary"). The claims in this litigation center around the validity of the termination, by MBUSA, of the Mercedez Benz franchise held by Coast.

The parties moved for summary judgment and on September 29, 2006, this Court issued an Order and Opinion granting summary judgment in part and denying summary judgment in part. Specifically, on MBUSA's complaint, the Court granted summary judgment for MBUSA on Count II, held that the relief sought in Count I was moot in light of the decision on Count II, and granted summary judgment on behalf of Coast on Count III. With respect to Coast's Counterclaims and Third-Party Claims, the Court granted summary judgment on behalf of MBUSA on Counts I and II and granted summary judgment on Counts V, VI, VII, VIII, IX, and X on behalf of MBUSA, Contemporary and David Michael. The Court denied summary judgment on Counts III and IV of the Counterclaim holding that issues of material fact existed.

Subsequently, Third-Party Defendant Ray Catena also moved for summary judgment and Coast moved for reconsideration. In an order and opinion dated July 25, 2007, this Court granted Ray Catena's motion and denied Coast's motion for reconsideration.

This Court's orders on summary judgment resolved all of MBUSA's claims against Coast, all claims against the third-party defendants and eight out of ten of Coast's claims against

**NOT FOR PUBLICATION**

MBUSA. Only Counts III (Breach of Duty of Good Faith & Fair Dealing) and IV (Violation of Federal Dealer's Day in Court Act) of Coast's Counterclaim against MBUSA remain for disposition at trial.  A final pre-trial conference was scheduled before Magistrate Judge Madeline C. Arleo for October 3, 2007.  On September 21, 2007, Coast filed the instant motion pursuant to Fed. R. Civ. P. 54(b) asking the Court to certify its decisions on all the other counts as final and to defer trial on Counts III and IV pending resolution of the appeal on the other counts.

**LEGAL STANDARD**

Rule 54(b) of the Federal Rules of Civil Procedure permits the trial court, at its discretion and in the interest of sound judicial administration, to certify the final disposition of fewer than all claims in an action for appeal[1].  Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co., 316 F.3d 431, 440 (3d Cir. 2003).  However, Rule 54(b) orders "should not be entered routinely or as a courtesy or accommodation to counsel" and "should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice." Panichella v. Pa. R.R. Co., 252 F.2d 452, 455 (3d Cir. 1958); see also Speeney v. Rutgers, 2007 WL 498290, *2 (D.N.J. Feb. 9, 2007) (quoting Panichella).

"Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. . . . It is left to the sound

---

[1] Fed. R. Civ. P. 54(b) states in relevant part:
"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

**NOT FOR PUBLICATION**

judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8.  In deciding whether there is no just reason to delay appeal until the disposition of all claims, the Court must "take into account judicial administrative interest as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id.  The burden is on the party moving for certification to demonstrate that the case warrants it. Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 365 (3d Cir.1975).

> Factors to be considered in making a determination include:
>
> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court: (3) the possibility that the reviewing court might be obliged to consider the same issue a second time: (4) the presence or absence of a claim or a counterclaim which would result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 203 (3d Cir. 2003).  The district court must balance these competing factors to determine whether this is one of those "infrequent harsh case[s]" in which certification is warranted.

**DISCUSSION**

All claims in this matter center around Coast's franchise agreement with MBUSA.  Coast has admitted that "[t]he relationship between the adjudicated and unadjudicated claims is substantial." (Coast Motion at 7.)  In its reply, Coast attempts to back away from this admission by now arguing that the only tie between the two sets of claims is the expert testimony that the

**NOT FOR PUBLICATION**

Court disqualified in its earlier rulings. (Coast Reply at 3-4.) Coast argues that, at trial on the remaining counts, it would like to rely on this expert testimony to make certain arguments about MBUSA's bad faith in its dealings with Coast which it is unable to make because of the Court's earlier rulings. (Coast Motion at 4; Coast Reply at 6.) This assertion highlights how truly intertwined the issues that Coast seeks to appeal and the issues related to the remaining counts are. In such instances, piecemeal litigation is disfavored and final judgment pursuant to Rule 54(b) is inappropriate. See Gerardi v. Pelullo, 16 F.3d 1363, 1372 (3d Cir. 1994) ("[A] court should be particularly cautious in certifying as a final judgment on a claim which is not truly distinct from the claims on remaining issues, for even if the certified judgment is inherently final, the facts underlying the claim resulting in that judgment may be intertwined with the remaining issues."); Ortho-McNeil Parma, Inc. v. Kali Labs., Inc., 2007 WL 1814080 (D.N.J. June 20, 2007)("Where the adjudicated and unadjudicated claims share significant similarities, such as involving the same parties, the same legal issues, or the same evidence, Rule 54(b) certification is disfavored.").

This case has dragged on for over eight years and is now on the eve of trial. Judicial economy and the age of this case require that this matter be resolved expeditiously. Coast's inept attempt at "blackmail"–that it will not settle– is misplaced. Whether this matter is settled is within the discretion of the parties and of no moment to this Court. It will certainly in no way affect the Court's rulings and determinations. The parties are to proceed to try Counts III and IV of Coast's counterclaim. After the trial judgment any party may seek relief by Circuit review.

**NOT FOR PUBLICATION**

## CONCLUSION

For the preceding reasons, Coast's motion for entry of final judgment is denied.

**s/William H. Walls**
United States Senior District Judge

**Appearances**

Bart D. Cohen, Esq.
1622 Locust Street
Philadelphia, PA 19103
    - and -
Geoffrey J. Hill, Esq.
1 Maynard Dr., Suite 6
N.U.S. Corporate Plaza
Park Ridge, NJ 07656
    Attorneys for Plaintiffs Coast Automotive Group and Tamim Shansab

Michael S. Waters, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
3 Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
    Attorney for Defendant Mercedes Benz USA, Inc.

George R. Hirsch, Esq.
Bressler, Amery & Ross, P.C.
325 Columbia Turnpike
Florham Park, NJ 07932
    Attorney for Third-Party Defendant David Michael Motor Car Corp.

Joseph S. Aboyoun, Esq.
Aboyoun & Heller, L.L.C.
77 Route 46 West
Pine Brook, NJ 07058
    Attorney for Third-Party Defendant Ray Catena Motor Cars Corp.

**NOT FOR PUBLICATION**

Joseph W. Wopat, III, Esq.
Efros & Wopat
130 Maple Avenue, Suite 108
P.O. Box 534
RedBank, NJ 07701
        Attorney for Third-Party Defendant Contemporary Cars, Inc.