NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCEDES BENZ USA LLC, : | |
| Plaintiff/Counter-claim Defendant, : | |
| v. : | OPINION |
| COAST AUTOMOTIVE GROUP LTD. : | Civil Action No. 99-3121 (WHW) |
| AND TAMIM SHANSAB, : | |
| Defendants/Counter-claimants/Third- : Party Plaintiffs, : | |
| v. : | |
| DAVID MICHAEL MOTOR CAR CORP., : RAY CATENA MOTOR CARS CORP., and : CONTEMPORARY MOTOR CARS, INC., : | |
| Third-Party Defendants. : | |

**Walls, Senior District Judge**

Plaintiff/Counter-claim Defendant Mercedes Benz USA LLC ("MBUSA") moves to exclude introduction of evidence of damages by Defendants/Counter-claimants/Third-Party Plaintiffs Coast Automotive Group, Ltd. and Tamim Shansab (collectively, "Coast"). For the reasons stated below, MBUSA's motion is granted.

**FACTS AND PROCEDURAL BACKGROUND**

A comprehensive discussion of the facts and allegations can be found in this Court's earlier opinions. For purposes of this motion, the following background is relevant.

More than nine years ago, in June 1999, Mercedes Benz USA LLC ("MBUSA") filed suit against Coast. In response to MBUSA's Complaint, Coast filed a counterclaim against MBUSA and soon afterward amended its counterclaim adding additional counts and third-party defendants David Michael Motor Car Corp. ("David Michael"), Ray Catena Motor Cars Corp. ("Ray

**NOT FOR PUBLICATION**

Catena") and Contemporary Motor Cars, Inc. ("Contemporary").  The claims in this litigation center around the validity of the termination by MBUSA of the Mercedez Benz franchise held by Coast.

On September 29, 2006 this Court granted MBUSA's motion to strike the expert testimony of Coast's damages experts and dismissed all but two of Coast's claims.  On July 25, 2007, this Court denied Coast's motion for reconsideration and granted summary judgment to the one third-party defendant, Ray Catena, for which claims remained.  On October 15, 2007, this Court denied Coast's motion for Entry of a Final Judgment.  Only Counts III (Breach of Duty of Good Faith & Fair Dealing) and IV (Violation of Federal Dealer's Day in Court Act) of Coast's Counterclaim against MBUSA remain for disposition at trial.

Coast's remaining claims seek damages for lost profits from the wrongful termination of the Mercedes-Benz franchise.  Because this Court has ruled Coast's expert testimony inadmissible, any proof of damages must come from lay witness testimony at trial.  On April 15, 2008, MBUSA filed the present motion to bar coast's evidence of damages arguing, *inter alia*, that because Coast failed to disclose its method of calculating damages in discovery it should be barred from introducing a new theory of damages at trial.

Coast's initial Rule 26 Disclosures read:

III.  Rule 26(a)(1)(C) Coast and Shansab claim compensatory damages for the loss of their Mercedes-Benz franchise under the New Jersey Franchise Practices Act, the Automobile Dealers Day in Court Act and under common law theories of breach of contract, breach of implied duty of good faith and tortious interference with prospective economic advantage in the estimated amount of $250 million.  Defendants also claim treble damages under the Automobile Dealer Day in Court Act and punitive damages, attorneys' fees available under the New Jersey Franchise Practices Act, the Automobile

**NOT FOR PUBLICATION**

>Dealer Day in Court Act and all other remedies available under the status and common law claims pled in the counterclaim.

(Def.'s Rule 26 Disclosure Statement at 9, Oct. 20, 1999.)

On October 2, 2000, Coast supplemented its Rule 26 disclosures and replaced the above text with the following: "III.  Rule 26(a)(1)(C): Pursuant to the Court's Order of February 15, 2000, Coast need not produce its expert report until January 5, 2001.  Coast will disclose the basis for its calculation of damages at that time." (Def.'s Am. Supplemental Rule 26 Disclosures 2, Oct. 2, 2000.)

Coast's responses to MBUSA's interrogatories included the following:

>11.  Describe in detail separately each and every item of damage either of the defendants is alleged to have suffered as result of any conduct of any of [sic] MBUSA, which comprises all or part of defendants' damages claim of $250 million, and as to each such item of damage:
>    a.      Describe the basis for the calculation of the amount of damage;
>
>    <u>Response</u>: a.   Defendants object on the basis that Interrogator 11.a is premature.  Pursuant to the Court's Order of December 6, 2000, Coast's [sic] need not produce its expert report until May 4, 2001.  Coast will disclose the basis for its calculation of damages at that time.  Although Mr. Shansab and certain other current and former Coast employees are knowledgeable as to the facts affecting the calculation of damages, they are not currently formulating or making such calculations.

(Second Supplemental Resps. to Pl.'s First Set of Interrogs. to Defs. at 5.)  Similarly, during the deposition of Mr. Shansab in July 2000, Coast's counsel instructed Mr. Shansab not to answer questions as to damages and asserted that "all of our position with regard to damages will be stated in its entirety by our expert when the time comes as dictated by the scheduling order."  (Dep. of Tamim Shansab 179:3-13, July 20, 2000.)

**LEGAL STANDARD**

**NOT FOR PUBLICATION**

Rule 26(a) requires voluntary disclosure by the parties of "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). If a party fails to comply with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed R. Civ P. 37(c)(1).

The voluntary disclosure provision of Rule 26(a) was "necessitated by the progressively increasing undue time and expense spent on obtaining undisputably relevant discovery, which was a waste of the litigants' time, as well as that of the court in enforcing the federal discovery rules against recalcitrant parties." Tarlton v. Cumberland County Correctional Facility, 192 F.R.D. 165, 168-69 (D.N.J. 2000) (citing Issues and Changes Regarding Proposed Amendments to Federal Rules of Civil Procedure, May 1, 1992, Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, 146 F.R.D. 401, 527, 628-29). This Court adopted the 1993 amendments to Rule 26 in their entirety, See Local Civ. R. 26.1(b).

Rule 37 is "written in mandatory terms and 'is designed to provide a strong inducement for disclosure of Rule 26(a) material,'" Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir. 1995) (quoting Harlow v. Eli Lilly & Co., 1995 U.S. Dist. LEXIS 7162 at *7 (N.D. Ill. May 25, 1995)). However, the Third Circuit has made clear that the district court should not exclude testimony if it would result in "fundamental unfairness in the trial of the case." Id. at 156 (quoting Orjias v. Stevenson, 31 F.3d 995, 1005 (10th Cir.), cert. denied, 115 S.Ct. 511 (1994)).

The Third Circuit has noted four factors that are helpful in deciding what is harmless under Rule 37(c)(1): (1) prejudice or surprise to party against whom evidence is offered; (2)

NOT FOR PUBLICATION

ability of party to cure prejudice; (3) likelihood of disruption to trial; and (4) bad faith or willfulness involved in not complying with the disclosure rules. Newman, 60 F.3d at 156 (citing Bronk v. Ineichen, 54 F.3d 425, 432 (7th Cir. 1995)). In addition to the above factors, the Third Circuit has also considered the importance of the evidence to the proffering party's case. AstraZeneca AB v. Mut. Pharm. Co., 278 F. Supp. 2d 491, 504 (E.D.Pa. 2003) (citing Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904 (3d Cir. 1977), overruled on other grounds, Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985), aff'd, 482 U.S. 656, 107 S. Ct. 2617, 96 L. Ed. 2d 572 (1987)).

District courts must "exercise particular restraint in considering motions to exclude evidence." ABB Air Preheater v. Regenerative Envtl. Equip. Co., 167 F.R.D. 668, 671 (D.N.J. 1996) (citing In re TMI Litig. Cases Consol. II, 922 F. Supp. 997, 1003-04 (M.D. Pa. 1996)); DiFlorio v. Nabisco Biscuit Co., 1995 U.S. Dist. LEXIS 17060, 1995 WL 710592 at *2 (E.D. Pa. Nov. 13, 1995)). "The Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony." Id. (citing In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 791-92 (3d Cir. 1994), cert. denied, 513 U.S. 1190, 115 S. Ct. 1253, 131 L. Ed. 2d 134 (1995)); Meyers, 559 F.2d at 905; Dudley v. South Jersey Metal, Inc., 555 F.2d 96, 99 (3d Cir. 1977)).

**DISCUSSION**

Coast's remaining claims, under the implied covenant of good faith and fair dealing and the ADDCA, require Coast to prove damages resulting from the allegedly wrongful termination of the Mercedes Benz franchise. Because this Court has excluded Coast's expert reports, any

**NOT FOR PUBLICATION**

proof of damages at trial must come from fact testimony by lay witnesses at trial. Because Defendant did not disclose any calculation of damages other than to state that such calculation would be provided by expert reports, this testimony must be excluded unless such failure was substantially justified or harmless. See Fed. R. Civ. P. 26(a)(1)(A)(iii).

Coast's sole justification for its failure to disclose a calculation of damages is that "prior to this Court's denial of Coast's Motion for Entry of Final Judgment, Coast had little or no reason to believe that it would be required to proceed to trial without having divulged the basis upon which its lay witnesses might calculate damages." (Def's Opp'n. at 1.) Coast claims that it "had neither the opportunity nor the obligation to both perform and disclose those calculations during the week between the entry of that order and Coast's completion of its portion of the Final Pretrial Order." Id.

Applying the Third Circuit factors - (1) prejudice or surprise to party against whom evidence is offered; (2) ability of party to cure prejudice; (3) likelihood of disruption to trial; and (4) bad faith or willfulness involved in not complying with the disclosure rules, the Court is unpersuaded that Coast's failure to disclose was harmless or substantially justified.

At least one of these factors does favor Coast. Inclusion of lay testimony as to damages would not likely disrupt trial. Coast does not propose to add any additional witnesses, but rather to simply introduce evidence as to damages.

However, each other factor favors MBUSA. First, the introduction of lay testimony as to damages for the first time at trial would not only deprive MBUSA of the opportunity to depose

**NOT FOR PUBLICATION**

Coast's witnesses on the issue of damages but also deny MBUSA sufficient preparation for cross-examination of such witnesses at trial.

 Second, this prejudice could not have been avoided.  MBUSA unsuccessfully attempted to discover Coast's method of calculation via interrogatories and its deposition of Mr. Shansab.  Coast does not point to any additional action MBUSA could have taken to avoid the prejudice and the Court cannot conceive of one.  While this Court could allow additional discovery with regard to Coast's new theory of damages, the Court would then reward Coast's failure to disclose its calculation of damages and further delay resolution of a matter which began more than nine years ago.  To repeat, nine years ago.

 Finally, it is unclear whether defendant acted in bad faith in refusing to disclose its method of calculation or merely assumed that its expert testimony would not be excluded.  In any event, it seems clear that Coast's failure to disclose was willful.  Once this Court excluded the expert reports, almost two years ago, defendant did not supplement its Rule 26 disclosures as to damages.  Although defendant argues that it had no obligation to perform or disclose its calculation of damages during the week between the entry of the Court's order denying Entry of a Final Judgment on October 15, 2007 and its delivery of its draft of the Final Pretrial Order a week later, this is not the relevant period.  Coast could have supplemented its disclosures a full year earlier, as soon as this Court excluded the expert reports.  "Litigants are warned not to 'indulge in gamesmanship with respect to the disclosure obligations'" Tarlton, 192 F.R.D. at 169 (citing Advisory Committee Notes, Rule 26(a)).  Even if there is no evidence of bad faith, where an oversight is not rationally explained and is surely prejudicial, exclusion is appropriate.

NOT FOR PUBLICATION

AstraZeneca AB, 278 F.Supp. 2d at 508 (citing Trilogy Commc'ns., Inc. v. Times Fiber Commc'ns, Inc. 109 F.3d 739, 744 (Fed. Cir. 1997)). Coast offers no reasonable explanation for its failure to disclose its calculation of damages. At worst, Coast's failure to disclose was in bad faith, at best, it was a wilful strategic decision. In either case, Coast's actions demonstrate that it is not fundamentally unfair to exclude Coast's evidence of damages.

    The Court notes that it must consider the importance of the excluded testimony. See Meyers at 904 (district court erred in excluding critical witness testimony where there was no evidence that failure to include witnesses was in bad faith); see also Quinn v. Consolidated Freightways Corp. of Del., 283 F.3d 572 (3d Cir. 2002) (district court erred in excluding critical evidence where there was no evidence that defendant was surprised or would have been prejudiced by introduction of such evidence). There is no question that evidence of damages is critical to Coast's case. If Coast is unable to present lay testimony as to damages, Coast's remaining counterclaims will fail. However, the importance of the evidence alone is insufficient to overcome Rule 26. This case can be distinguished from both Meyers and Quinn not only because Coast has acted willfully but also because MBUSA has made reasonable attempts to ascertain Coast's calculation of damages.

    In Meyers the Third Circuit held that a trial judge improperly excluded two witnesses which the plaintiff had failed to list in a pre-trial order. In reaching this conclusion, the court noted that the district court had not made a finding of bad faith or motive to mislead and had accepted the excuse offered by plaintiff as bona fide. Meyers at 905. Moreover, the court in

NOT FOR PUBLICATION

Meyers viewed the asserted prejudice to the defendant in the context of the defendant's own failures to take steps to clarify the facts. Id.

Quinn involved a sexual harassment and discrimination claim. The district court had excluded evidence of a second incident of harassment because the plaintiff had failed to allege the incident in discovery. Quinn, 283 F.3d at 576. Third Circuit overturned the district court because of the importance of the evidence. Id. at 577. Although this conclusion rested in part on the importance of the evidence, the court also found that defense counsel could not have been surprised by plaintiff's last minute inclusion of a second incident in light of deposition testimony that allowed defense counsel to anticipate introduction of the evidence. Id. at 577-78.

In contrast to both Meyers and Quinn, MBUSA took reasonable steps to clarify calculation of damages. While the Court acknowledges that the exclusion of evidence is only appropriate in extreme circumstances, Coast has failed to offer any reasonable explanation for its failure to disclose and the Court is left to conclude that its failure to disclose was strategic. Strategic manipulation of the discovery process, especially with regard to such critical disclosures as the theory of damages is the ill toward which Rule 26 and Rule 37 are aimed. Tarlton, 192 F.R.D. at 168-69 (internal citations omitted).

**CONCLUSION**

Having considered the totality of all circumstances of Coast's conduct and non-conduct in the context of the Circuit's required factors, the Court grants MBUSA's motion and Coast is barred from presenting evidence of damages by lay witness testimony at trial.

**s/William H. Walls**
United States Senior District Judge

NOT FOR PUBLICATION

**Appearances**

Bart D. Cohen, Esq.
1622 Locust Street
Philadelphia, PA 19103
    - and -
Geoffrey J. Hill, Esq.
1 Maynard Dr., Suite 6
N.U.S. Corporate Plaza
Park Ridge, NJ 07656
    Attorneys for Plaintiffs Coast Automotive Group and Tamim Shansab

Michael S. Waters, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
3 Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
    Attorney for Defendant Mercedes Benz USA, Inc.

George R. Hirsch, Esq.
Bressler, Amery & Ross, P.C.
325 Columbia Turnpike
Florham Park, NJ 07932
    Attorney for Third-Party Defendant David Michael Motor Car Corp.

Joseph S. Aboyoun, Esq.
Aboyoun & Heller, L.L.C.
77 Route 46 West
Pine Brook, NJ 07058
    Attorney for Third-Party Defendant Ray Catena Motor Cars Corp.

Joseph W. Wopat, III, Esq.
Efros & Wopat
130 Maple Avenue, Suite 108
P.O. Box 534
RedBank, NJ 07701
    Attorney for Third-Party Defendant Contemporary Cars, Inc.